UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFEYETTE DIVISION

JRP OFFSHORE LOGISTICS, INC.
and EASTERN MARINE LTD.,

    Plaintiffs,

v.

DYNAMIC INDUSTRIES
INTERNATIONAL, L.L.C.,

    Defendant.

_____/

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, come JRP Offshore Logistics, Inc. and Eastern Marine Ltd., who respectfully represent as follows:

**PARTIES**

1.

Plaintiffs are:

 a.  JRP Offshore Logistics, Inc. ("JRP Offshore"), a Florida corporation with its principal place of business in Florida.

 b.  Eastern Marine Ltd. ("Eastern Marine"), a Trinidad and Tobago corporation with its principal place of business in Trinidad.

2.

The Defendant is:

Dynamic Industries International, L.L.C. ("Dynamic Industries"), a Louisiana limited liability company with its principal place of business in Lafayette, Louisiana.  The sole member of Dynamic Industries is Dynamic Industries International Holding, Inc., which is a Louisiana corporation with its principal place of business in Louisiana.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this matter pursuant to, among other things, 28 U.S.C. § 1332(a)(1) because (1) there is complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000.

4.

Venue in this Court is proper under 28 U.S.C. § 1391 because Dynamic Industries resides in this judicial district.

## FACTS

5.

This action arises from the provision of marine-related services by the Plaintiffs to Dynamic Industries in the Gulf of Paria, which is an inland sea located between the island of Trinidad and the east coast of Venezuela.

### The Catering Contract

6.

On or about July 1, 2011, Eastern Marine and Dynamic Industries executed a Master Agreement for Catering Services (the "Catering Contract"), pursuant to which Eastern Marine agreed to provide meals at fixed per-unit rates to the accommodation barge "Carolyn."  A copy of the Catering Contract is **Exhibit A** hereto.

7.

Pursuant to the Catering Contract, Eastern Marine timely and without incident or objection provided the meals described on the attached invoices (the "Catering Invoices"), which in turn were timely rendered to Dynamic Industries, which never raised any objection or defense to payment.  A copy of the Catering Invoices is **Composite Exhibit B** hereto.

8.

Despite numerous demands for payment, there remains an unpaid balance on the Catering Invoices in the principal sum of $1,862,720, which is due to Eastern Marine with prejudgment interest 30 days from the date of each unpaid invoice together with costs and attorneys' fees.

**The Equipment Contract**

9.

October 17, 2011, JRP Offshore and Dynamic Industries executed a Master Marine Equiptment [sic] Contract (the "Equipment Contract"), pursuant to which JRP Offshore agreed to provide marine transportation services at a fixed daily rate in support of Dynamic Industries' operations in the Gulf of Paria.   A copy of the Equipment Contract is **Exhibit C** hereto.

10.

Pursuant to the Equipment Contract, JRP Offshore timely, and without incident or objection, provided the services described on the attached invoices (the "Equipment Invoices"), which in turn were timely rendered to Dynamic Industries, which never raised any objection or defense to payment.   A copy of the Equipment Invoices is **Composite Exhibit D** hereto.

11.

Notwithstanding numerous demands for payment, the Equipment Invoices remain unpaid.

12.

The total unpaid amount of the Equipment Invoices is $799,100, which is due to JRP Offshore with prejudgment interest 30 days from the date of each unpaid invoice together with costs and attorneys' fees.

## COUNT 1 - BREACHES OF CONTRACT

13.

As a result of its failure to pay the balances owed on the Catering Invoices and the Equipment Invoices, Dynamic Industries materially breached the respective contracts and is liable for payment for the services performed and good provided by Plaintiffs under the contracts.

14.

Pursuant to the Catering Contract, Eastern Marine is entitled to be paid for its services rendered, which amounts are set forth in the Catering Invoices, plus prejudgment interest.

15.

Pursuant to the Equipment Contract, JRP Offshore is entitled to be paid for its services rendered, which amounts are set forth in the Equipment Invoices, plus prejudgment interest.

16.

By failing to pay the amounts owed to the Plaintiffs, Dynamic Industries has materially breached the terms and conditions of the Equipment Contract and the Catering Contract.

17.

As a direct and proximate result of the breaches of the Catering Contract and Equipment Contract, Plaintiffs are entitled to damages for the unpaid amounts of the Catering and Equipment Invoices, plus prejudgment interest 30 days from the date of each unpaid invoices.

## COUNT 2 - UNJUST ENRICHMENT

18.

In the alternative, Plaintiffs state that Dynamic Industries was unjustly enriched by the services rendered to the impoverishment of Plaintiffs, that Plaintiffs remain unpaid and damaged without justification, and that Plaintiffs are entitled to recover under the doctrine of unjust

enrichment, and is entitled to the principal amount owed, and any damages, expenses, and attorneys' fees allowable under the law.

## COUNT 3 - QUANTUM MERUIT

19.

In the alternative, Plaintiffs state that they remain unpaid for various services rendered pursuant to Catering Contract and Equipment Contract, and that Plaintiffs are entitled to recover the principal amount owed, and any damages, expenses, and attorneys' fees allowable under the doctrine of quantum meruit for those services.

## COUNT 4 - DETRIMENTAL RELIANCE

20.

In the alternative, Plaintiffs justifiably relied on Dynamic Industries' actions and communications in which it represented and directed that Plaintiffs should perform certain services, with the understanding that they would be paid for or receive credit for such services. Due to said reliance, Plaintiff performed the services, yet has not been fully paid. Accordingly, Plaintiffs plead that they are entitled to full recovery under the doctrine of detrimental reliance, and for the principal amount, all damages, expenses, and attorneys' fees allowable under the law.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

**WHEREFORE,** Plaintiffs pray that their Complaint against defendant, Dynamic Industries, be deemed sufficient, that this matter be tried by a jury, and that after all due proceedings be had, there be judgment in favor of Plaintiffs and against defendant, Dynamic Industries, as follows:

    A.    That Dynamic Industries be duly served with this Complaint and be cited to appear and answer same;

    B.    That after the lapse of all legal delays and after due proceedings are had, there be judgment herein in favor of Plaintiffs and against Dynamic Industries awarding:

1. The full sum of $1,862,720, together with all recoverable interest, attorneys' fees, and costs of these proceedings to Plaintiff Eastern Marine;

2. The full sum of $799,100, together with all recoverable interest, attorneys' fees, and costs of these proceedings to Plaintiff JRP Offshore;

3. All other damages, plus interest, and costs to which Plaintiffs may be entitled;

4. All other general and equitable relief to which Plaintiffs may be entitled; and

5. For all such other relief that this Court deems just and proper.

Dated:  January 15, 2016

Respectfully submitted,

/s/ Richard T. Sahuc
Richard T. Sahuc (Bar No. 29668)

**Attorneys for Plaintiffs:**

Richard T. Sahuc, Esq. (Bar No. 29668)
**SAHUC LAW**
rsahuc@sahuc-law.com
4513 Glendale Street
Metairie, LA  70006
Telephone: 305-772-0155

    -and-

Juan J. Rodriguez, Esq. (FL Bar No. 613843)
**CAREY RODRIGUEZ MILIAN GONYA, LLP**
jrodriguez@careyrodriguez.com
1395 Brickell Avenue
Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

(*Pro Hac Vice Application Forthcoming*)